UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATHERINE MCRAE AND                                                                          PLAINTIFFS
QUINTEN PARKER

V.                                                                  CIVIL ACTION NO. 3:24-CV-786-DPJ-ASH

CONNECTDIRECT ONLINE, INC.,                                                                  DEFENDANTS
ET AL.

ORDER

This matter is before the Court on Defendants ConnectDirect Online, Inc., Terry Owen, and Steve Gatt's Motion to Stay Case [32] for thirty days. Plaintiffs Katherine McRae and Quinten Parker filed a response, and Defendants filed a reply. *See* Resp. [33], Reply [34]. Having reviewed the case record and the parties' submissions, the Court finds the Motion to Stay should be denied without prejudice.

McRae and Parker filed this case on December 12, 2024. Shortly thereafter, they moved for a temporary restraining order and other relief. Mot. [5]. District Judge Jordan denied that motion because of questions about the existence of personal jurisdiction. Order [21]. On March 14, 2025, Defendants filed a motion to dismiss [30]. Because the motion raised a jurisdictional issue, the Court stayed all discovery pending a ruling on that motion. Mar. 18, 2025 Text-Only Order; *see* L.U. Civ. R. 16(b)(3)(B) ("[A] motion asserting an immunity or jurisdictional defense stays the attorney conference and disclosure requirement and all discovery, pending the court's ruling on the motion, including any appeal.").

In their request for a thirty-day stay, Defendants say Owen "has recently suffered a medical issue," and that "counsel has been unable to communicate with Mr. Owen [via any means] or otherwise receive direction regarding the defense of this matter." Mot. [32] ¶ 1-3.

Defendants claim Owen is the only spokesperson for ConnectDirect and that he has appointed no other person to speak on its behalf.

While the Court can appreciate why Owen's unavailability could pose a challenge, Defendants have failed to demonstrate that a thirty-day stay is needed. In light of the Court's order staying discovery, the Court has not yet held a case management conference or set a trial date or related deadlines. And, obviously, there will be no discovery during the current stay. The only pending deadline relates to briefing on Defendants' motion to dismiss [30]. For practical purposes, the only relief Defendants would obtain from a thirty-day stay would be more time to reply to Plaintiffs' response.

Defendants have not shown that a stay is necessary to provide them the relief they seek—additional time until Owen's medical issue stabilizes. The Court therefore denies Defendants' Motion to Stay [32] without prejudice. Should Defendants desire additional time to brief the motion to dismiss due to Defendant Owen's alleged medical incapacity,[1] they may move for an extension of their reply deadline.

**SO ORDERED AND ADJUDGED** this the 27th day of March, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants' motion suffers from another problem: they point to no evidence supporting their assertion that, "[o]n information and belief," Owen is incapacitated from a medical issue. Mot. [32] ¶ 1. How *much* evidence would be required to cure this defect is difficult to answer in the abstract. Probably not much. But if the medical issue does not resolve by the time the stay of discovery is lifted, Defendants must point to something more than the bare assertion offered in their motion.