UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATHERINE MCRAE AND
QUINTEN PARKER                                                                                         PLAINTIFFS

V.                                                               CIVIL ACTION NO. 3:24-CV-786-DPJ-ASH

CONNECTDIRECT ONLINE, INC.;
TERRY OWEN; AND STEVEN GATT                                                               DEFENDANTS

ORDER

Defendants ConnectDirect Online, Inc., Terry Owen, and Steven Gatt are all represented by the same attorneys. But on March 31, 2025, Defense Counsel moved to withdraw [43] as counsel for ConnectDirect and Owen. Plaintiffs Katherine McRae and Quinten Parker oppose the request. Pls.' Resp. [45]; Pls.' Mem. [46]. A motion hearing was held on April 9, 2025. The Court, having considered the parties' submission and oral argument, finds that the motion to withdraw [43] should be granted.

I.      Factual Background

Plaintiffs say they were approached by ConnectDirect; its CEO Terry Owen; and a shareholder, Steven Gatt, to promote investments in ConnectDirect. Plaintiffs claim they performed the requested services but Defendants did not honor their promises. Plaintiffs sued ConnectDirect, Owen, and Gatt, advancing 17 claims rooted in breach of contract and fraud.

II.     Analysis

   A.      Motion to Withdraw

Defense Counsel seeks to withdraw as counsel for Owen and ConnectDirect, while continuing to represent Gatt (at least for now). To support their motion, they rely on Mississippi Rules of Professional Conduct 1.16 and 1.7.

RULE 1.16 DECLINING OR TERMINATING REPRESENTATION

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the rules of professional conduct or other law;

. . .

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without materially adverse effect on the interests of the client, or if:

(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) the client has used the lawyer's services to perpetrate a crime or fraud;

(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

. . .

RULE 1.7 CONFLICT OF INTEREST:  GENERAL RULE

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless the lawyer reasonably believes:

(1) the representation will not adversely affect the relationship with the other client; and

(2) each client has given knowing and informed consent after consultation.  The consultation shall include explanation of the implications of the adverse representation and the advantages and risks involved.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless the lawyer reasonably believes:

(1) the representation will not be adversely affected; and

> (2) the client has given knowing and informed consent after consultation. The consultation shall include explanation of the implications of the representation and the advantages and risks involved.

Defense Counsel explains that, after performing limited document review and meeting with the clients, circumstances have developed (or have surfaced) that make continued representation of all three Defendants unsuitable. Because of a longstanding relationship with Gatt, they wish to continue representing him and withdraw as to Owen and ConnectDirect.

First, Defense Counsel represents that they have been unable to communicate with Owen for several weeks because, according to his family, he has been hospitalized. Defense Counsel explained that no documentation has been provided by Owen or the family to verify this claim. Regardless, Counsel has been unable to communicate with Owen, despite multiple attempts. And, to date, Owen still appears to serve as CEO of ConnectDirect. This development implicates Rule 1.16(b)(4), (5), and (6). And because of that, it jeopardizes their ability to represent Gatt, thus triggering Rule 1.16(a)(1).

Second, after learning more about this case, they have concluded that a conflict exists—they cannot represent all three Defendants. Stated simply, Gatt's legal position is adverse to ConnectDirect and Owen. This assertion touches on Rule 1.16(a)(1) and Rule 1.7.[1]

Admittedly, Counsel could provide limited information at the hearing, noting their ethical obligation under Rule 1.6 not to disclose information subject to attorney-client privilege. The comment to Rule 1.16 recognizes this tension. For court-appointed attorneys (the only group of

---

[1] Defense Counsel clarified at the hearing they are mainly relying on Rule 1.16(a)(1) and (b)(4), (5), and (6). That said, they also believe Rule 1.16(b)(2) and (3) may be implicated. The Court finds it is unnecessary to dive into those issues because Rule 1.16(a)(1) and (b)(4), (5), and (6) are satisfied. Similarly, the relevance of Rule 3.3(a)(2) was discussed at the hearing; it does not apply.

3

attorneys that must receive court approval to withdraw under Rule 1.16), "[t]he lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient." *Id.* The Restatement (Third) of the Law Governing Lawyers acknowledges the same thing: "A lawyer . . . will often be limited to the statement that professional considerations motivate the application." § 32 (2000) (comment d).

The Court finds that the policy behind Rule 1.16's comments regarding appointed attorneys applies equally here. Like appointed attorneys under Rule 1.16, Local Uniform Civil Rule 83.1(b)(3) requires all attorneys seeking withdrawal to file a motion and obtain a "formal order of the court." Counsel should not be required to violate Rule 1.6 when complying with Rule 1.16(a)'s mandatory withdrawal requirement. In any event, Rule 83.1(b)(3) does not discuss standards for denying such motions, and Defense Counsel provided enough detail— without disclosing privileges—to allow the Court to find that Rule 1.16(a) applies.

In sum, the Court finds that the motion to withdraw should be granted. Defense Counsel has sufficiently shown that Rules 1.16 and 1.7 prohibit further representation of ConnectDirect and Owens.

B.      Moving Forward

Having granted Defense Counsel's motion, the question is what happens next. Defense Counsel no longer represents ConnectDirect and Owen but wish to continue representing Gatt. As discussed at the hearing, Defense Counsel must discuss that with Owen.

To that end, Defense Counsel should meet with Owen within 10 days of this Order. Counsel must provide Owen (and ConnectDirect) a copy of this Order and file a notice advising the Court that the meeting is set, specifying the date and time. Likewise, the Court orders Owen to participate in the requested meeting. Within seven (7) days of the completion of that meeting,

Defense Counsel should file a notice with the Court, explaining whether they will continue to represent Gatt.[2]

As for Owen, he is given 30 days to secure new counsel or notify the Court that he intends to represent himself. ConnectDirect, as a corporation, cannot represent itself. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (holding that "a corporation cannot appear in federal court unless represented by a licensed attorney"). It likewise has 30 days to secure new counsel; failure to do so may result in judgment by default. *See Great Am. Assurance Co. v. Gulfport Express, Inc.*, No. 1:22-CV-162-LG-RPM, 2023 WL 7995751, at *3 (S.D. Miss. May 2, 2023) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Finally, as discussed during the hearing, Plaintiffs have not completed service on Gatt, but the parties have reached an agreement as to service. Accordingly, the Court finds, sua sponte, that good cause exists and the time to effect service under Rule 4(m) should be extended. Plaintiffs have seven (7) days from this Order to complete service on Gatt.

III.   Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed would not have changed the result. For the reasons stated, the Court finds:

- Defense Counsel's motion to withdraw [43] is granted;

---

[2] During the hearing, the Court indicated it would hold a Zoom status conference after the meeting. Because Owen and ConnectDirect are unrepresented, a filing on the record is preferred. The Court hereby grants Defense Counsel leave to file the report under restricted status (available to the parties but not the public) if they must disclose information regarding Owen's health.

- Defense Counsel is ordered to provide a copy of this Order to Owen and ConnectDirect and confirm to the Court when they have done so;

- Defense Counsel must set up a meeting with Owen within 10 days and notify the Court of the date and time of the meeting;

- Owen is ordered to cooperate in setting that meeting and to attend;

- Defense Counsel should file a notice informing the Court as to their intentions for Gatt within seven (7) days of the meeting;

- Owen has 30 days to have new counsel file a notice of appearance or inform the Court he intends to proceed pro se;

- ConnectDirect has 30 days to have new counsel file a notice of appearance; and

- Plaintiffs have seven (7) days to complete service of process on Gatt.

Lastly, except for the deadlines listed above, this case is stayed pending resolution of representation for Gatt, Owen, and ConnectDirect. All other deadlines and briefing of pending motions are stayed.

**SO ORDERED AND ADJUDGED** this the 9th day of April, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE